## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Gladys M. Stovall,**

          **Plaintiff,**

**v.**                                          **Case No. 17-cv-2412-JWL**

**Brykan Legends, LLC,**

          **Defendant.**

### MEMORANDUM & ORDER

Plaintiff Gladys M. Stovall filed this lawsuit against her former employer alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq., as amended by the ADA Amendments Act of 2008 ("ADAAA"); workers' compensation retaliation; and negligent hiring and retention. This matter is presently before the court on defendant's motion to dismiss plaintiff's negligent hiring and retention claim on the grounds that the claim is barred by the exclusive remedy provision of the Kansas Workers' Compensation Act (doc. 26).  As will be explained, the motion is denied.[1]

**Standard**

Defendant brings its motion under Federal Rule of Civil Procedure 12(b)(1), asserting that the exclusive remedy doctrine deprives this court of jurisdiction over plaintiff's negligence claim.

---

[1] Although defendant has not filed a reply to plaintiff's response to the motion, the court resolves the motion to dismiss because the deadline for filing a reply brief has passed.

Because the exclusive remedy doctrine is an affirmative defense that does not implicate the court's jurisdiction, *Radil v. Sanborn Western Camps, Inc*., 384 F.3d 1220, 1225 (10th Cir. 2004) (examining Colorado's exclusive remedy provision), the court analyzes defendant's motion under Federal Rule of Civil Procedure 12(b)(6).  The court will grant a motion to dismiss when a claimant's factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim need not contain detailed factual allegations, but a claimant's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See id*. at 555.  The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id*., and view all reasonable inferences from those facts in favor of the claimant, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**Background**

For purposes of defendant's motion, the court accepts as true the following well-pleaded facts alleged in plaintiff's Third Amended Complaint.  Plaintiff was employed by defendant at defendant's restaurant in Kansas City, Kansas as a dishwasher and busser from March 2016 through June 2016.  Plaintiff's manager and direct supervisor during that time period was Vincent Martin.  Plaintiff alleges that Mr. Martin subjected her at all pertinent times to repeated, unwanted sexual advances, including promises of promotion and increased wages in exchange for sex.  She alleges that she refused Mr. Martin's advances and advised him that his conduct was unwelcome,

but that Mr. Martin continued to subject her to unwelcome sexually harassing conduct. She further alleges that Mr. Martin's conduct became more threatening and more demanding over time and that she was frightened and concerned for her safety as a result of his conduct. Plaintiff alleges that she complained about Mr. Martin's conduct to defendant, that defendant took no corrective action, and that Mr. Martin, upon learning of plaintiff's complaints, became enraged and violently attacked plaintiff. According to plaintiff, she suffered a closed-head injury as a result of the attack and she continues to suffer injuries as a result of the attack, including migraine headaches, lower back problems, and injuries to pre-existing conditions. Plaintiff filed a workers' compensation claim and sought benefits arising out of the injuries she sustained as a result of the attack. Plaintiff alleges that Mr. Martin caused her severe emotional distress as a result of not only the physical attack but also his ongoing harassment of her.

Plaintiff contends that she sought a transfer to another restaurant and other accommodations but that defendant denied her requests. She asserts that she was terminated and/or constructively discharged for refusing Mr. Martin's advances; in retaliation for reporting Mr. Martin's unlawful conduct; and/or in retaliation for exercising her workers' compensation rights.

**Discussion**

In its motion, defendant asserts that plaintiff's negligent retention claim is barred by the exclusive remedy provision of the Kansas Workers' Compensation Act (KWCA). The exclusivity provision provides:

3

> Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury . . . for which compensation is recoverable under the workers compensation act nor shall an employer be liable to any third party for any injury or death of an employee which was caused under circumstances creating a legal liability against a third party and for which workers compensation is payable by such employer.

Kan. Stat. Ann. § 44–501b(d).  The exclusive remedy provision precludes workers who can recover under the KWCA from bringing a common law negligence action against an employer or fellow employee.  *See Herrell v. National Beef Packing Co*., 259 P.3d 663, 674 (Kan. 2011) (quoting *Hollingsworth v. Fehrs Equip. Co*., 729 P.2d 1214 (Kan. 1986)).

According to defendant, the exclusive remedy for the physical injuries that plaintiff allegedly sustained as a result of the purported attack by her supervisor lies in the workers' compensation system.  But the essence of plaintiff's negligent hiring claim goes beyond the physical injuries alleged by plaintiff as a result of the purported attack.  Specifically, plaintiff alleges that she suffered significant emotional distress as a result of her supervisor's alleged repeated sexual advances and sexually charged comments; his alleged direct requests for sex; and his alleged threats of physical harm.  This alleged distress does not relate to the physical injuries alleged by plaintiff stemming from the attack.  Defendant has not satisfied its burden of establishing that the exclusive remedy doctrine applies in such circumstances.  *See Tabares v. Gates Corp*., 2009 WL 151571, *2 (D. Kan. Jan. 21, 2009) (emotional damages not flowing directly from one's physical injury are not precluded by the exclusive remedy of the KWCA); *see also Gonzales v. Ultra-Chem, Inc*., 2011 WL 5142755, at *4-5 (D. Kan. Oct. 28, 2011) (KWCA exclusivity provision concerns itself primarily with physical injury; in the context of alleged

sexually harassing conduct, damages for mental anguish caused by offensive nature of contact falls outside scope of exclusivity provision).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss (doc. 26) is denied.

**IT IS SO ORDERED.**

Dated this 27th day of April, 2018, at Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge