UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GLADYS M. STOVALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-2412-JWL |
| BRYKAN LEGENDS, LLC, | ) ) ) |
| Defendant. | ) |

# ORDER

In this employment-discrimination case, plaintiff has filed a motion for sanctions based on defendant's alleged spoliation of evidence (ECF No. 59). The motion centers on a surveillance video that shows an altercation between plaintiff and her supervisor. No one disputes the video exists—or existed at one point—but defendant is unable to locate it. Plaintiff asks the court to sanction defendant for spoliation by either entering default judgment in her favor or by giving the jury an adverse-inference instruction. Because plaintiff has failed to meet the requirements of Fed. R. Civ. P. 37(e)(2), the motion is denied.

**I.  Background**

Plaintiff's complaint alleges that while she was employed at defendant's restaurant, her direct supervisor, Vincent Martin, made ongoing sexually harassing comments and advances toward her. On May 15, 2016, plaintiff was injured in a physical confrontation with Martin. Plaintiff asserts Martin became jealous when she gave her telephone number

1

to a male customer, and reacted by assaulting her. The confrontation was recorded on one of defendant's surveillance cameras. Shortly thereafter, on May 31, 2016, plaintiff filed a claim for workers' compensation based on her alleged injuries.

On about October 11, 2016, plaintiff filed a discrimination charge with the Kansas Human Rights Commission ("KHRC"). The charge mentioned, in part, the May 15, 2016 altercation. The KHRC sent defendant a letter dated October 11, 2016, which advised defendant that the destruction of records related to the charge was forbidden by law.[1]

Plaintiff's workers' compensation claim was settled on January 23, 2017.

About one week later, on February 1, 2017, plaintiff's current counsel sent defendant a letter, stating plaintiff had retained them to represent her in connection with employment discrimination claims and advising defendant of its obligation to preserve records, videos, and files pertaining to plaintiff's employment and discharge.[2] Plaintiff filed this suit on July 13, 2017.

On July 3, 2018, plaintiff tendered a document request for, among other things, "surveillance footage, recordings or other video . . . that refer or relate to any events alleged in Plaintiff's Complaint."[3] Defendant responded that there "was a surveillance tape that depicted the altercation between the Plaintiff and Vincent Martin" but that defendant "is

---

[1] ECF No. 60-2.
[2] ECF No. 60-3.
[3] ECF No. 60-6 at 3.

unable to locate the tape."[4] The response also advised that a "copy or link" of the video was provided to the attorney representing defendant in the workers' compensation matter, but that "the link has expired."[5] Defendant's representative, Gerald Rauschelbach, testified at his deposition that after the incident, he maintained a copy of the surveillance video in his desk drawer, but that he can no longer find it, despite "desperately looking."[6] He is unsure when it became lost.[7] Rauschelbach further stated he sent a copy of the video to defendant's workers' compensation insurance carrier sometime between May 15, 2016, and January 23, 2017;[8] defendant represents in its response brief that the copy was sent prior to October 11, 2016, when defendant was first given notice of plaintiff's potential discrimination claims and the preservation requirement.[9] To date, defendant has not produced either copy of the surveillance video.

---

[4] ECF No. 60-6 at 3-4.

[5] *Id.*

[6] ECF No. 60-5 at 2.

[7] *Id.* Thus, Rauschelbach testified he was not sure whether he had a copy of the video tape on February 1, 2017, when he received the retention letter from plaintiff's counsel.

[8] ECF No. 60-5 at 3.

[9] ECF No. 62 at 3.

3

## II. Analysis

During the pretrial conference held on January 18, 2019, the parties agreed the surveillance video is a form of electronically stored information ("ESI") subject to the preservation requirements of Rule 37(e). The rule reads,

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.[10]

The sanctions requested in plaintiff's motion—entry of default judgment or the giving of an adverse-inference instruction—fall under subsection (e)(2).

Before reaching the sanctions provision of subsection (e)(2), plaintiff must meet three prerequisites to a finding of spoliation. Rule 37(e) permits the court to sanction the loss of ESI only if (1) the ESI should have been preserved, (2) a party failed to take "reasonable steps" to preserve it, and (3) it cannot be restored or replaced. If these three prerequisites are met, then the court may go on to determine if defendant acted with the requisite bad-faith intent necessary to impose the sanctions requested by plaintiff under

---

[10] Rule 37(e) was significantly amended in 2015.

subsection (e)(2). Here, the court finds plaintiff has not met her burden to prove all three prerequisites to spoliation, and even if she had, has shown no bad faith on the part of defendant.

Duty to Preserve. "A litigant has a duty to preserve evidence that it knows or should know is relevant to imminent or ongoing litigation, and this duty to preserve evidence extends to electronically stored information."[11] There is no dispute that the video is relevant to both plaintiff's workers' compensation and employment-discrimination claims.[12] Thus, defendant had a duty to preserve the video as early as May 31, 2016, when plaintiff filed her workers' compensation claim. And defendant concedes that as of October 11, 2016, the date on which it received notice of plaintiff's discrimination charge from the KHRC, it "had an obligation to preserve the video."[13] Defendant contends, however, that as of that date, it had already "turned the video over to its insurance company" in connection with the workers' compensation claim.[14] The problem with

---

[11] *Marten Transp., Ltd. v. Plattform Advert., Inc.,* No. 14-cv-02464-JWL, 2016 WL 492743, at *5 (D. Kan. Feb. 8, 2016) (internal quotations and citations omitted).

[12] Defendant acknowledged the video's relevance at the January 18, 2019 pretrial conference.

[13] ECF No. 62 at 4. *See also Jones v. Easter,* No. 17-3089, 2018 WL 4063487, at *2 (D. Kan. Aug. 27, 2018) (holding a party has a duty to preserve video evidence "showing that the events in Plaintiff's complaint did or did not occur" once it receives notice that litigation is likely to commence); *Herrmann v. Rain Link, Inc.*, No. 11-1123-RDR, 2013 WL 4028758, at *2 (D. Kan. Aug. 7, 2013) (holding receipt of letter from KHRC put defendant on notice of duty to preserve ESI).

[14] *Id.* at 4-5.

5

defendant's argument is that it does not account for the fact that defendant had two copies of the surveillance video. Defendant does not address the duty it had to preserve the copy of the video kept in Rauschelbach's desk drawer.

No Reasonable Steps to Preserve. As of the date that defendant's duty to preserve the video arose, defendant had an obligation to take reasonable steps to preserve it. Rule 37(e) recognizes that "'reasonable steps' to preserve suffice; it does not call for perfection."[15] Nonetheless, defendant does not suggest *any* steps it took to preserve the video. Defendant does note it sent a copy of the video to its workers' compensation insurer. Although this was a logical step (and certainly not nefarious), defendant has presented no support for its assertion this was an affirmative step taken to preserve the video. The court knows of no case construing such an action as a step to preserve. Nor has defendant suggested that it informed its workers' compensation insurer of the need to preserve the video or that it took steps to ensure the link to the video would not expire.

No Ability to Restore or Replace. Next, "Rule 37(e) directs that the initial focus should be on whether the lost information can be restored or replaced through additional discovery."[16] Neither party has addressed this factor to the court's satisfaction. On the one hand, Rauschelbach testified that he has looked for the video by "going back to look in sent

---

[15] Fed. R. Civ. P. 37, Advisory Committee Note to Subdivision (e)(2) (2015 Amendment) (cited in *Marten Transp.*, 2016 WL 492743, at *4).

[16] Fed. R. Civ. P. 37, Advisory Committee Note to Subdivision (e)(2) (2015 Amendment) (quoted in *Marten Transp.*, 2016 WL 492743, at *5).

6

folders and sent files" and by retracing his "steps at each restaurant at different times trying to locate this tape."[17] But on the other hand, plaintiff acknowledged during the pretrial conference that she had not issued a subpoena to the workers' compensation insurer in an attempt to have a copy of the video retrieved off of their system or a computer hard drive. And, to the court's knowledge, neither party has engaged a computer specialist for the purpose of locating the video on defendant's computer hard drive or back-up system. In the end, the court concludes plaintiff has not proven the video cannot be replaced or restored.

Although a close call, the court has not found all three prerequisites to spoliation met. Even if it had, however, plaintiff's motion would be denied because plaintiff has not proven defendant's failure to preserve the video was the result of bad faith (and not mere negligence) as required by subsection (e)(2) of Rule 37.

Bad-Faith. "If an aggrieved party seeks an adverse inference jury instruction—as plaintiff does here—that party must also prove bad faith on the part of the producing party."[18] Rule 37(e)(2) imposes the same culpability requirement when a plaintiff seeks default judgment as a sanction.[19] The Advisory Committee comments accompanying the 2015 Amendments to subsection (e)(2) direct that such "severe measures" may only be

---

[17] ECF No. 60-5 at 2.

[18] *Herrmann*, 2013 WL 4028758, at *2.

[19] Fed. R. Civ. P. 37, Advisory Committee Note to Subdivision (e)(2) (2015 Amendment).

7
O:\ORDERS\17-2412-JWL-59.docx

imposed upon a court finding that "the party that lost the information acted with the intent to deprive another party of the information's use in the litigation."[20] Negligence in losing evidence is not sufficient "because it does not support an inference of consciousness of a weak case."[21] As the Tenth Circuit has recognized, the advisory-committee note to Rule 37(e)(2) provides a "commonsense explanation" for the bad-faith requirement:

> Adverse-inference instructions were developed on the premise that a party's intentional loss or destruction of evidence to prevent its use in litigation gives rise to a reasonable inference that the evidence was unfavorable to the party responsible for loss or destruction of the evidence. Negligent or even grossly negligent behavior does not logically support that inference. Information lost through negligence may have been favorable to either party, including the party that lost it, and inferring that it was unfavorable to that party may tip the balance at trial in ways the lost information never would have.[22]

Plaintiff asserts bad-faith is demonstrated here simply by defendant's failure to preserve the video after receiving multiple notices of its obligation to preserve evidence. Plaintiff has cited no support for this theory that defendant's failure

---

[20] *See also Storey v. Effingham Cty.*, No. CV415-149, 2017 WL 2623775, at *4 (S.D. Ga. June 16, 2017) ("Rule 37(e) reserves the harshest discovery sanctions, such as adverse inference instructions, dismissals, or default judgments, only for cases in which the court can find that the spoliating party acted with the intent to deprive another party of the information's use in the litigation." (internal quotation and modification omitted)).

[21] *Herrmann*, 2013 WL 4028758, at *2; *see also* Fed. R. Civ. P. 37, Advisory Committee Note to Subdivision (e)(2) (2015 Amendment) (stating subsection (e)(2) "rejects cases . . . that authorize the giving of adverse-inference instructions on a finding of negligence or gross negligence").

[22] Fed. R. Civ. P. 37, Advisory Committee Note to Subdivision (e)(2) (2015 Amendment) (cited in *Equal Emp't Opportunity Comm'n v. JetStream Ground Servs., Inc.*, 878 F.3d 960, 966 (10th Cir. 2017)).

8

"shows the required culpable state of mind."[23] Although defendant's failure to take steps to preserve the ESI may be negligent, even grossly negligent, nothing in the record suggests defendant intentionally lost the video. With respect to the copy kept in Rauschelbach's office, the only evidence in the record on this issue—Rauschelbach's deposition testimony—indicates the opposite conclusion is true. Rauschelbach testified he does not know when the video became lost and has been desperately searching for the copy. With respect to the copy given to the insurance carrier, it was not unreasonable for defendant to assume the insurer would protect and retain it.

In the end, plaintiff has cited no fact that could support a finding that defendant intended to deprive her of the surveillance video. The court is not convinced that defendant's negligence—even recklessness—in not taking steps to preserve the "desk drawer" copy of the video and in allowing the normal expiration policy of the "workers' compensation" copy of the video to proceed unimpeded

---

[23] ECF No. 60 at 6.

rises to the stringent "intent" requirement set forth in the amended Rule 37(e).[24] Accordingly, plaintiff's motion for sanctions is denied.[25]

IT IS THEREFORE ORDERED that plaintiff's motion for sanctions is denied. No attorneys' fees are awarded.[26]

Dated February 7, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[24] Fed. R. Civ. P. 37, Advisory Committee Note to Subdivision (e)(2) (2015 Amendment) (Rule 37(e)(2) "rejects cases ... that authorize the giving of adverse-inference instructions on a finding of negligence or gross negligence."); *see also Oil Equip. Co. v. Modern Welding Co.*, 661 F. App'x 646, 653 (11th Cir. Sept. 9, 2016) (noting, "bad faith" generally is found where the spoliator's actions are both responsible for the destruction of the evidence and he "fully appreciated the significance of the evidence to the anticipated litigation." (internal quotation and citation omitted)).

[25] The undersigned notes that "subdivision (e)(2) would not prohibit a court from allowing the parties to present evidence to the jury concerning the loss and likely relevance of information and instructing the jury that it may consider that evidence, along with all other evidence in the case, in making its decision," Fed. R. Civ. P. 37, Advisory Committee Note to Subdivision (e)(2) (2015 Amendment); but such is a decision for the presiding U.S. district judge at trial.

[26] Defendant makes a request for attorneys' fees in its surreply. Notwithstanding the inappropriateness of raising this request in a surreply, defendant has cited no legal support for its fee request.