UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GLADYS M. STOVALL,                                )
                                                  )
                          Plaintiff,              )
                                                  )
v.                                                )        Case No. 17-2412-JWL
BRYKAN LEGENDS, LLC,                              )
                                                  )
                          Defendant.              )

## ORDER

Defendant has filed a motion for sanctions based on plaintiff's failure to timely serve disclosures, specifically, her computation of damages, under Fed. R. Civ. P. 26(a)(1)(A)(iii) (ECF No. 73). Plaintiff itemized her claimed damages in supplemental disclosures on January 25, 2019. Defendant argues this disclosure is prejudicial because it is unable to retake depositions in light of the disclosed information, as discovery is closed and cannot be reopened without disrupting the trial setting of this case.

Defendant moves this court to preclude plaintiff from entering any damages evidence at trial. Defendant also asks the court to award attorneys' fees, strike plaintiff's third amended complaint, and inform the jury of plaintiff's failure to abide by Rule 26. Although plaintiff did violate Rule 26 with her late disclosure of damages, the court finds the violation was harmless to defendant. The court therefore denies defendant's motion and declines to award any sanctions.

## I.      Background

Plaintiff's complaint alleges that while she was employed at defendant's restaurant, her direct supervisor made ongoing sexually harassing comments and advances to her. Plaintiff's third amended complaint pleads damages for loss of wages; future medical expenses and benefits; and damages for mental anguish, emotional distress, physical injuries, and humiliation.[1]  Plaintiff served her Rule 26(a)(1)(A) initial disclosures on January 3, 2018 (ECF No. 14, 73-1).  These disclosures, however, did not include a computation of damages.  The court entered a scheduling order on January 10, 2018 (ECF No. 17).  Later, upon plaintiff's motion, the court extended the discovery period, which extended plaintiff's Rule 26 disclosure deadline until September 28, 2018.  Plaintiff untimely disclosed her witnesses on October 8, 2018, designating Dr. Donald Peghee as an expert witness.  On October 12, 2018 plaintiff served supplemental Rule 26(e)(1) disclosures but again did not include any computation of damages (ECF Nos. 45, 73-2).[2]

The court held a pretrial conference on January 18, 2019 and indicated that, given the state of the record, defendant might later file a motion under Fed. R. Civ. P. 37(c)(1) to prevent plaintiff from introducing any evidence of the dollar amounts of lost wages and

_____

[1] ECF No. 22-1.

[2] Defendant then filed a motion to strike the disclosure of Dr. Peghee as an expert witness due to his late inclusion on the disclosure.  The court allowed the disclosure of Dr. Peghee as a possible lay witness and included him in the list of witnesses for whom the discovery deadline was extended until December 31, 2018 (ECF No. 50).

2

medical expenses and benefits (see ECF No. 69 at 13-15). On January 25, 2019, plaintiff served her second supplemental Rule 26(a)(1) disclosures (ECF Nos. 67, 73-3). Those disclosures finally did include computations for (1) lost wages; (2) medical bills; (3) attorneys' fees, costs, and expenses; and (4) emotional distress, pain and suffering, and humiliation.

Defendant argues that the late damages disclosure gave defendant "no chance to make informed discovery decisions to address these now and new claims directed against [it]."[3] Defendant also objects to the lack of supporting documentation for the supplemental disclosures, including a lack of medical bills and medical records; the inclusion of Dr. Peghee in the computation of medical bills; and plaintiff's statement of time offered as computation of damages for attorneys' fees, costs, and expenses.

## II. Analysis

### a. Rule 26 Requirements

Under Fed. R. Civ. P. 26(a)(1)(A)(iii), the parties are required to disclose their claimed damages:

> A party must, without awaiting a discovery request, provide to other parties a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

---

[3] ECF No. 73 at 5.

Fed. R. Civ. P. 26(e) requires supplemental or corrected disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court."

The court must first determine if plaintiff's disclosures were untimely. Plaintiff concedes that her disclosure was delayed.[4] Plaintiff's supplemental disclosures were served on October 12, 2018, and as earlier indicated they did not include the computation of damages. Presumably in response to the court's comments at the January 18, 2019 pretrial conference, plaintiff served second supplemental disclosures on January 25, 2019, nearly a month after the close of discovery.

The mandatory and supplemental disclosure requirements exist to allow the parties to make "informed decisions about the discovery necessary to address the specific claims directed against that party, and to prepare for trial."[5] Accordingly, the parties should not take the disclosure deadlines lightly and they should not wait for the court to direct compliance with deadlines. The court finds that plaintiff violated Rule 26(a)(A)(1)(iii) by failing to disclose the computation of damages until the court directed her to do so at the pre-trial conference.

---

[4] ECF No. 78 at 6.

[5] *Blair v. TransAm Trucking, Inc.*, No. 09-2443-EFM-KGG, 2017 WL 2684296, at *2 (D. Kan. June 21, 2017).

### b. Harmlessness Analysis

If a party fails in its duty to disclose under Rule 26, Rule 37(c)(1) instructs that the party "is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at a trial, unless the failure was substantially justified or is harmless." The court has broad discretion to determine whether the violation is justified or harmless.[6] Although the court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose,"[7] the court should be guided by the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure any prejudice; (3) the potential for trial disruption if the testimony is allowed; and (4) the erring party's bad faith or willfulness.[8] The alleged Rule 26 violator bears the burden to demonstrate "substantial justification or the lack of harm."[9]

---

[6] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)); *see also Chambers v. Fike*, No. 13-1410, 2014 WL 3565481, at *4 (D. Kan. July 18, 2014).

[7] *Woodworker's Supply*, 170 F.3d at 993.

[8] *Id.*; *Gutierrez v. Hackett*, 131 Fed.Appx. 621, 625–26 (10th Cir. 2005) (applying the *Woodworker's Supply* factors); *Scottsdale Ins. Co. v. Deere & Co.*, 115 F.Supp.3d 1298, 1305 (D. Kan. 2015); *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413, 2014 WL 3927277, at *4 (D. Kan. Aug. 12, 2014).

[9] *Estate of McDermed v. Ford Motor Co.*, No. 14-CV-2430-CM-TJJ, 2016 WL 1298096, at *3 (D. Kan. Apr. 1, 2016); *Byrne v. Gainey Transp. Servs., Inc.*, No. 04-2220-KHV, 2005 WL 1799213, at *2 (D. Kan. July 11, 2005).

If the court finds that the violation is not justified or harmless, the court may also impose additional sanctions; it "(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)."[10]

<u>Prejudice or Surprise</u>

Defendant claims it was surprised by plaintiff's supplemental disclosure and left unable to conduct discovery on the issues of damages calculations because discovery is closed.[11] Defendant argues that it is necessary to retake the depositions of both plaintiff and Dr. Peghee to question them about compensatory damages.[12] Defendant cites *Estate of McDermed v. Ford Motor Company*, a product liability case arising from a motor vehicle accident, where the court struck portions of an untimely disclosure because of prejudice to the defendant. At issue there were dozens of newly disclosed fact witnesses; treating physicians; scholarly articles and treatises, and documents and videos related to the product at issue.[13] The court, citing the number, nature, and potential significance of the witnesses

---

[10] Fed. R. Civ. P. 37(c)(1).

[11] ECF No. 73 at 7.

[12] *Id.*

[13] *Estate of McDermed*, 2016 WL 1298096, at *10.

and evidence, struck a number of them from the plaintiff's disclosure and allowed additional discovery to be taken.[14]

The instant dispute is distinguishable in the scope and significance of the late disclosures. During the period of time allowed for discovery under the scheduling order, plaintiff provided information about her job salaries and periods of unemployment during her deposition.[15] Defendant had possession of most of the medical records and bills through both the discovery process, as well as plaintiff's prior workers' compensation filing.[16] And the court notes that while defendant claims to be prejudiced by the lack of medical bills, defendant also asserts that because the bills were settled through the workers' compensation settlement, they will all be "irrelevant at trial."[17] That said, plaintiff represented she would produce supplemental medical bills from Dr. Peghee, as the bills are ongoing.[18] Defendant has not received those bills.[19] The court orders plaintiff to produce those to defendant.

---

[14] *Id.* at 14-15.

[15] ECF No. 78-1.

[16] ECF No. 78 at 9.

[17] ECF No. 73 at 8.

[18] ECF No. 73-3 at 2.

[19] ECF No. 79 at 3.

Defendant had the opportunity to depose Dr. Peghee about his knowledge of the events at issue and his treatment of plaintiff.[20]   Defendant had the opportunity to depose plaintiff, and indeed, plaintiff did testify about her recollection of her damages, though perhaps not with the specificity defendant would have preferred.[21]  Plaintiff's counsel also offered to allow defense counsel the opportunity to re-depose plaintiff.[22]  Taken in whole, the court finds that, while plaintiff should have timely disclosed the damages calculations as required by Rule 26, the calculations "are not rocket science" and are based on "figures to which defendant had access throughout discovery."[23]

Ability to Cure

Defendant asserts that the only way to cure the prejudice would be to "reopen discovery, reschedule the dispositive-motion deadline, and possibly reschedule the trial date," yet defendant specifically confirms it is not moving the court to do so.[24]  Its choice illustrates the significance (or lack thereof) of any potential additional discovery.  Plaintiff

---

[20] ECF No. 78-2.

[21] ECF No. 78-1.

[22] ECF No. 78 at 9.

[23] *See Byrne v. Gainey Transp. Servs., Inc.*, No. 04-2220-KHV, 2005 WL 1799213, at *3 (D. Kan. July 11, 2005) (finding the plaintiff's untimely disclosure to be harmless by weighing the *Woodworker's* factors).

[24] ECF No. 73.

represents that defendant did not make any formal or informal attempts to obtain this information after the insufficient supplemental disclosure and before the close of discovery.[25]  Defendant asserts that it does not have an obligation to "chase plaintiff using discovery, motions to compel, and other means to receive a computation of plaintiff's damages."[26]  The court agrees defendant did not have an obligation to do so.  But defendant chose not to move the court to compel plaintiff to disclose her precise figures during discovery and chose not to seek leave to reopen discovery on the issue of damages.  While the court agrees that it is plaintiff's burden to prove her Rule 26 violation was harmless,[27] the factual record is probative of the harmlessness of the violation.

<u>Potential for Trial Disruption</u>

Defendant argues that the use of any medical bills on cross-examination at trial will disrupt the trial and confuse the jury, because some of plaintiff's claimed damages were settled in her previous workers' compensation claim.  The court leaves it to the parties to determine how they will try their cases, should this matter go to trial.  The argument that plaintiff should be sanctioned at this juncture because the bills will be difficult to explain to a jury is unavailing.

---

[25] ECF No. 78 at 12.

[26] ECF No. 79 at 2-3.

[27] *Byrne*, No. 04-2220-KHV, 2005 WL 1799213, at *2 (burden to show substantial justification or harmlessness on party who failed to make required disclosure).

9

Trial in this matter is currently set for October 7, 2019, more than seven months from now. The disclosures at issue have been supplemented and shall have no effect on the dispositive motions due to be filed on March 1, 2019. Because the parties are not asking to reopen discovery or modify deadlines, there will be no effect on the trial date.

Bad Faith or Willfulness

Finally, the court finds that plaintiff did not act in bad faith. While plaintiff could and should have complied with the disclosure requirements earlier, she did comply once the court pointed out the problem. Defendant argues that plaintiff had all the relevant damages computation at the time of filing her complaint because of the prior workers' compensation claim. Although it does not excuse plaintiff from supplementing her disclosures, she has proffered enough accounting of her damages from various sources to convince the court that her delay in including the calculations in the disclosure was not in bad faith.

Plaintiff had a duty to supplement discovery. Her efforts to comply with the discovery requirements were imperfect. Nevertheless, the court does not find that plaintiff's actions caused harm. Therefore, it is not appropriate to preclude plaintiff from introducing this evidence at trial. On the record presented, plaintiff's late disclosure does not warrant any sanctions under Rule 37(c)(1).

IT IS THEREFORE ORDERED that defendant's motion for sanctions is denied.

Dated March 4, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
