# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

Gladys M. Stovall,

    Plaintiff,

v.                                                                                                       Case No. 17-cv-2412-JWL

Brykan Legends, LLC,

    Defendant.

## MEMORANDUM & ORDER

Plaintiff Gladys M. Stovall filed this lawsuit against her former employer alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Kansas Act Against Discrimination, K.S.A. § 44-1001 et seq. ("KAAD"); disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq., as amended by the ADA Amendments Act of 2008 ("ADAAA") and the KAAD; workers' compensation retaliation; and negligent hiring and retention. This matter is presently before the court on the parties' cross-motions for summary judgment (docs. 81, 85). As will be explained, defendant's motion is granted in part and denied in part and plaintiff's motion is denied in its entirety. Specifically, the court grants summary judgment in favor of defendant on plaintiff's negligent hiring and retention claim and plaintiff's claim that defendant failed to reasonably accommodate her disability when it refused to permit her to transfer to defendant's Kansas City, Missouri location. All other claims must be resolved by a jury.

**I.      Facts**

The following facts are uncontroverted, related in the light most favorable to the nonmoving party, or stipulated by the parties. Plaintiff was employed by defendant at defendant's restaurant in Kansas City, Kansas as a dishwasher and busser from March 2016 through June 2016. At some point after plaintiff began her employment, Vincent Martin became a shift manager at the restaurant and, according to plaintiff, began making sexually harassing comments and gestures to plaintiff. Mr. Martin denies that he sexually harassed plaintiff and asserts that he and plaintiff began a consensual, sexual relationship before plaintiff started working for defendant and that the relationship continued after plaintiff started working for defendant.[1] The record reflects that on May 15, 2016, plaintiff and Mr. Martin were involved in a physical altercation at work. Plaintiff asserts that while she was outside at the back of the restaurant taking out the trash and having a cigarette break, she began talking to a frequent customer and provided her telephone number to that customer. She asserts that Mr. Martin became jealous and violently pushed her to the ground, causing injuries to plaintiff's head, back and neck. Plaintiff testified that after the May 15, 2016 incident, she reported "everything" about Mr. Martin to Jerry Rauschelbach, defendant's general manager. Defendant immediately transferred Mr. Martin to its Kansas City, Missouri restaurant location.[2]

---

[1] While the record is not entirely clear, it appears that plaintiff and Mr. Martin became acquainted during a prior period of employment that plaintiff had with defendant.
[2] On May 27, 2016, plaintiff requested a transfer to defendant's Kansas City, Missouri restaurant location. Defendant denied that request on the grounds that it had transferred Mr. Martin to that location.

2

Plaintiff filed a workers' compensation claim and sought benefits arising out of the injuries she sustained as a result of the May 15, 2016 incident. Over the next several weeks, plaintiff was treated by doctors at Concentra, defendant's workers' compensation provider. During this same time, she was treated by Dr. Donald Peghee, her gynecologist, for follow up visits relating to a hysterectomy that Dr. Peghee had performed on plaintiff in early March 2016. According to plaintiff, she visited Dr. Peghee on June 10, 2016 because the injuries she sustained on May 15, 2016, coupled with the treatment exercises required by her Concentra doctors, complicated and delayed her recovery from the hysterectomy. Plaintiff specifically asserts that she was experiencing urinary incontinence. Dr. Peghee provided a note to plaintiff indicating that she could not return to work until June 17, 2016; that her injury on May 15, 2016 had delayed her ability to return to work earlier; and that one week of leave was required for recovery. Plaintiff presented Dr. Peghee's note to Mr. Rauschelbach on June 10, 2016. Mr. Rauschelbach refused to accept the note and advised plaintiff that she needed to submit a note from a treating physician at Concentra or be prepared to return to work for her shift later that day. Mr. Rauschelbach advised plaintiff that if she did not return to work her shift or with a note from a Concentra doctor, she would be deemed to have quit her employment. Plaintiff did not return to work her shift or with a note from Concentra. Plaintiff settled her workers' compensation claim in January 2017.

Additional facts will be provided as they relate to the specific arguments raised by the parties in their submissions.

## II.    Summary Judgment Standard

"Summary judgment is appropriate if the pleadings, depositions, other discovery materials, and affidavits demonstrate the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Water Pik, Inc. v. Med–Systems, Inc.*, 726 F.3d 1136, 1143 (10th Cir. 2013) (quotation omitted); *see* Fed. R. Civ. P. 56(a). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Water Pik, Inc.*, 726 F.3d at 1143 (quotation omitted). "The nonmoving party is entitled to all reasonable inferences from the record; but if the nonmovant bears the burden of persuasion on a claim at trial, summary judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue." *Id.* at 1143-44.

The legal standard does not change if the parties file cross-motions for summary judgment. Each party has the burden of establishing the lack of a genuine issue of material fact and entitlement to judgment as a matter of law. *Atlantic Richfield Co. v. Farm Cr. Bank*, 226 F.3d 1138, 1148 (10th Cir. 2000).

**III.   Discussion**

In the pretrial order, plaintiff asserts numerous claims against defendant—sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq., as amended by the ADA Amendments Act of 2008 ("ADAAA"); retaliation in violation of Title VII and the ADA; workers' compensation retaliation; and negligent hiring and

retention.³ Briefly summarized, plaintiff asserts that she was subjected to unlawful sexual harassment by Mr. Martin; that she reported that unlawful harassment to defendant and that defendant terminated her employment based on that report; that plaintiff sustained an on-the-job injury when Mr. Martin pushed her down in May 2016 for which she filed and pursued a claim for workers' compensation benefits; that the May 15, 2016 incident exacerbated a pre-existing injury resulting in a disability; that defendant failed to accommodate plaintiff's disability by refusing to transfer her to defendant's Kansas City, Missouri location and refusing to permit her to take additional leave time to recover; and that defendant terminated plaintiff's employment based on her disability, based on her workers' compensation claim and/or based on her requests for accommodations. Finally, plaintiff asserts that defendant was negligent in hiring and retaining Mr. Martin as an employee.

**A.    Exclusive Remedy Provision**

As a threshold matter, defendant contends that summary judgment is appropriate on all claims based on the exclusive remedy provision of the Kansas Workers' Compensation Act (KWCA). The exclusivity provision provides:

> Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury . . . for which compensation is recoverable under the workers compensation act nor shall an employer be liable to any third party for any injury or death of an employee which

---

³ Although plaintiff's discrimination claims are asserted under the KAAD as well as Title VII and the ADA, the court, for convenience, refers only to the federal claims in this memorandum and order. The court, however, applies the same standards and burden to plaintiff's KAAD claims such that the result is the same regardless of the statute under which a claim is asserted. *See Aramburu v. Boeing Co*., 112 F.3d 1398, 1403 n. 3 (10th Cir. 1997).

was caused under circumstances creating a legal liability against a third party and for which workers compensation is payable by such employer.

Kan. Stat. Ann. § 44–501b(d). The exclusive remedy provision precludes workers who can recover under the KWCA from bringing a common law negligence action against an employer or fellow employee. *See Herrell v. National Beef Packing Co.*, 259 P.3d 663, 674 (Kan. 2011) (quoting *Hollingsworth v. Fehrs Equip. Co.*, 729 P.2d 1214 (Kan. 1986)). To bar a claim pursuant to the KWCA's exclusivity clause, defendant must show the existence of an employer-employee relationship between plaintiff and defendant and show that the injury sustained by plaintiff is "recoverable" under the KWCA—that is, the injured worker could have recovered workers' compensation benefits from the employer. *See Logue v. Layne Inliner, LLC*, 2018 WL 2971746, at *2 (D. Kan. June 12, 2018) (citations omitted).

According to defendant, the exclusive remedy for the physical injuries that plaintiff allegedly sustained as a result of the May 15, 2016 incident (and any emotional distress injuries directly stemming from that incident) lies in the workers' compensation system. The court agrees that plaintiff's negligent hiring and retention claim is barred by the exclusive remedy doctrine to the extent that claim is based on any physical injury that plaintiff suffered as result of the May 15, 2016 incident and any emotional distress stemming from that incident. Summary judgment on that aspect of plaintiff's negligent hiring and retention claim is warranted. *See Beam v. Concord Hospitality, Inc.*, 873 F. Supp. 491, 500 (D. Kan. 1994) (granting summary judgment on state law tort claims for damages resulting from physical injury and emotional distress directly stemming from that physical injury). But to the extent that plaintiff's negligent hiring and retention claim goes beyond the physical and emotional injuries alleged by plaintiff as a result of the incident, the

6

exclusive remedy doctrine does not apply. *See Tabares v. Gates Corp.*, 2009 WL 151571, *2 (D. Kan. Jan. 21, 2009) (emotional damages not flowing directly from one's physical injury are not precluded by the exclusive remedy of the KWCA); *see also Gonzales v. Ultra-Chem, Inc.*, 2011 WL 5142755, at *4-5 (D. Kan. Oct. 28, 2011) (KWCA exclusivity provision concerns itself primarily with physical injury; in the context of alleged sexually harassing conduct, damages for mental anguish caused by offensive nature of contact falls outside scope of exclusivity provision).

Defendant also contends that plaintiff's sexual harassment, retaliation, and discrimination claims are subject to summary judgment by virtue of the exclusive remedy provision of the KWCA. This argument is premised on defendant's somewhat incredible assertion that all of plaintiff's emotional distress damages are directly traceable to the May 15, 2016 incident with Mr. Martin. While defendant has addressed emotional distress allegedly suffered by plaintiff as a result of Mr. Martin's conduct, it has not addressed emotional distress allegedly suffered by plaintiff as a result of defendant's allegedly discriminatory and retaliatory conduct. Defendant has not satisfied its burden of showing that the exclusive remedy doctrine bars these claims and the court denies this aspect of defendant's motion for summary judgment. *See Shepherd v. Precision Drilling Company, L.P.*, 2013 WL 11865970, at *3 (D.N.M. Apr. 9, 2013) (workers' compensation exclusivity provision "cannot bar claims that are not contemplated by the scope of the [Workers' Compensation Act], such as claims of discrimination . . . and retaliatory discharge.") (applying analogous New Mexico law).[4]

---

[4] In its motion, defendant seems to suggest that, apart from the exclusive remedy doctrine, plaintiff agreed in connection with the settlement of her workers' compensation claim that the settlement covered any and all claims arising out of her employment with defendant. In support of this argument, defendant directs the court to a page from the transcript of the workers' compensation

**B. Failure to Exhaust Administrative Remedies**

The second threshold issue is whether plaintiff has exhausted her administration remedies. Defendant asserts that summary judgment is required on plaintiff's sexual harassment, disability discrimination and retaliation claims because plaintiff has not exhausted her administrative remedies with respect to those claims. In her charge of discrimination, plaintiff marked the "sex," "disability," and "retaliation" boxes and identified the "date of incident" as "May 1, 2016 to June 10, 2016." She further alleged the following:

> I. I am an African American female. . . . I have a disability, and I have a record of a disability. I have openly opposed acts and practices forbidden by the Kansas Act Against Discrimination . . . .
>
> II. I was employed by the Respondent from March 28, 2016 to June 10, 2016. I last held the position of Busser and Dishwasher.
>
>     A. On May 1, 2016, I was subject to verbal and physical harassment by a supervisor.
>
>     B. On May 27, 2016, I requested a transfer to another store. My request was denied.
>
>     C. On June 10, 2016, I requested a reasonable accommodation for my disability. My request was denied, and I was terminated.
>
> III. I hereby charge [Respondent] with a violation of the Kansas Act Against Discrimination . . . in that I was subjected to harassment, denied a transfer, denied

---

settlement hearing before an administrative law judge in which counsel for defendant and the insurance carrier asserted that "this is a full and final settlement of all claims for personal injury arising out of the claimant's employment with respondent up through today's date." In response to a question from the ALJ as to whether she agreed with that statement, plaintiff responded "yes." To the extent defendant means to suggest that plaintiff, by her one-word response to a statement made by defendant's counsel, agreed that her workers' compensation settlement would resolve any and all claims for damages arising out of her employment, that issue has not been sufficiently briefed for the court's resolution.

> a reasonable accommodation, and terminated due to . . . my sex . . . my disability . . . and as acts of retaliation for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination . . . .

Defendant contends that plaintiff has failed to exhaust her claims because plaintiff, in her charge, failed to disclose her alleged disability; failed to identify any specific protected activity that she allegedly engaged in; and failed to set forth any facts identifying the alleged harasser or the "dates and times" of any alleged harassment. The exhaustion rule serves two key purposes—to "give notice of the alleged violation to the charged party; and . . . to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance." *Smith v. Cheyenne Retirement Investors L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (quotations omitted). "To advance these purposes, after a plaintiff receives a notice of her right to sue from the EEOC, that plaintiff's claim in court 'is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC.'" *Id.* (quotation omitted). The ultimate question is whether "the conduct alleged [in the lawsuit] would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made in the EEOC charge." *Id.* at 1164-65.

While plaintiff did not identify a specific disability or impairment in her charge, the court concludes that a reasonable investigation of her specific allegation that she requested a reasonable accommodation for her disability on June 10, 2016—her last day of employment—would have placed defendant on notice of plaintiff's disability claim. The record reflects that on June 10, 2016 plaintiff submitted to Mr. Rauschelbach the note from Dr. Peghee to obtain additional time off to heal from her prior surgery and complications from the injury she sustained at work—the very conditions on which her disability claim is based. In other words, plaintiff's disability claim

9

as described in the pretrial order is reasonably related to the allegations in her charge of discrimination. *See Saley v. Caney Fork, LLC*, 886 F. Supp. 2d 837, 845 (M.D. Tenn. 2012) (there is "simply no requirement that a plaintiff must specifically describe his actual or perceived medical ailments" in an EEOC charge). Moreover, defendant's position statement to the administrative agency reflects defendant's understanding of the nature of the physical impairments alleged by plaintiff, further indicating that the "notice" requirement of the exhaustion rule has been satisfied.

While plaintiff's charge does not specify the nature of plaintiff's protected activity under Title VII,[5] she marked the "retaliation" box and asserted that she "openly opposed" acts of discrimination during a limited time frame—May 1, 2016 to June 10, 2016. The pretrial order limits her protected activity under Title VII to an internal report of sexual harassment that she alleges she made to Mr. Rauschelbach just four days after the May 15, 2016 incident—a report that falls within the time period identified in her charge. Defendant's position statement indicates that defendant at least explored whether plaintiff had made an internal report of harassment and concluded that she did not make such a report. Thus, while defendant might disagree as to whether plaintiff engaged in protected activity under Title VII, it clearly had notice of the nature of the protected activity in which plaintiff allegedly engaged.

Finally, the court rejects defendant's argument that plaintiff's charge must include the identity of the alleged harasser as well as the dates and times of any alleged harassment. The

---

[5] Plaintiff's charge contains more details about her protected activity under the ADA—requesting reasonable accommodations both in terms of a transfer and on the last day of her employment. Defendant does not challenge this aspect of plaintiff's charge.

Tenth Circuit does not require that level of specificity in a charge of discrimination. Plaintiff expressly alleged in her charge that she was subjected to harassment by a supervisor and the approximate time period is clear on the face of the charge. No more is required. Again, defendant's position statement acknowledges that the alleged harasser was Mr. Martin and even references a prior "romantic relationship" between plaintiff and Mr. Martin. Plaintiff has sufficiently exhausted her Title VII, ADA and KAAD claims. *See Jones v. Needham*, 856 F.3d 1284, 1290–92 (10th Cir. 2017) (charge need only "describe generally" the alleged discrimination in order to give notice of an alleged violation to the employer; factual allegations supporting plausibility not required).

### C. Sexual Harassment

Other than the threshold issues discussed and rejected above, defendant does not otherwise challenge plaintiff's sexual harassment claim for purposes of summary judgment. In her motion, plaintiff asserts that, as a matter of law, she was subjected to a sexually hostile work environment due to the severe behavior of her supervisor, Vincent Martin. But while plaintiff asserts that she is entitled to summary judgment on each of the elements of her prima facie case of sexual harassment, she has not identified or addressed her theory of liability against defendant. An employer may be vicariously or directly liable for a hostile workplace. *Faragher v. City of Boca Raton*, 524 U.S. 775, 806-07 (1998). The applicable theory of liability for such harassment depends on the status of the harasser. *Vance v. Ball State Univ*., 570 U.S. 421, 424 (2013). If the harasser is a co-worker of the plaintiff, the employer "is liable only if it was negligent in controlling working conditions." *Id*. But if the harasser is the plaintiff's "supervisor," an

11

employer may be vicariously liable for the harasser's creation of a hostile work environment. *Id*. An employee is a 'supervisor' for purposes of vicarious liability under Title VII if he or she is "empowered by the employer to take tangible employment actions against the victim." *Id*. The record does not demonstrate as a matter of law that Mr. Martin was plaintiff's supervisor for purposes of vicarious liability. Plaintiff, then, has not met her initial burden on summary judgment to show the absence of any material issue of fact concerning defendant's liability.[6]

**D.    Disability Discrimination**

In the pretrial order, plaintiff asserts claims of disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, as amended by the ADA Amendments Act of 2008 (ADAAA), Pub. L. No. 110-325, 122 Stat. 3553. According to plaintiff, defendant terminated her employment based on her disability and failed to reasonably accommodate plaintiff's disability. Defendant moves for summary judgment on both claims; plaintiff moves for summary judgment only as to the termination claim.

*1. Termination Claim*

To establish a prima facie case of disability discrimination under the ADAAA, plaintiff must present evidence that (1) she is disabled within the meaning of the ADAAA; (2) she is qualified to perform the essential functions of her job with or without accommodation; and (3)

---

[6] In any event, viewing the evidence in the light most favorable to defendant, the record clearly reflects factual disputes concerning several elements of plaintiff's prima facie case, including whether the alleged conduct was sufficiently severe or pervasive to alter the conditions of plaintiff's employment. *Bird v. West Valley City*, 832 F.3d 1188, 1205 (10th Cir. 2016).

she was terminated because of her disability. *Adair v. City of Muskogee*, 823 F.3d 1297, 1304 (10th Cir. 2016). Congress has provided three statutory definitions for "disability" under the ADAAA: A plaintiff may show (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. *Id.* at 1305 (quoting 42 U.S.C. § 12102(1)). In her submissions, plaintiff contends that defendant terminated her employment on the basis of an actual disability.

In its motion for summary judgment, defendant challenges only the third prong of plaintiff's prima facie case and asserts that summary judgment is appropriate because no reasonable jury could conclude that defendant terminated plaintiff's employment.[7] But the evidence viewed in the light most favorable to plaintiff would clearly permit a reasonable jury to conclude that defendant terminated her employment. Mr. Rauschelbach certified to the Kansas Department of Labor that defendant terminated plaintiff's employment for "failure to show up for work with appropriate excuse on more than 3 occasions." In fact, Mr. Rauschelbach marked the

---

[7] In its reply brief, defendant seems to suggest for the first time that summary judgment is appropriate because plaintiff cannot establish that she has a disability for purposes of the ADAAA. While the court agrees that plaintiff's argument and evidence as to the nature and extent of her physical impairments are somewhat ambiguous, defendant cannot raise this issue for the first time in its reply brief. *See Lynch v. Barrett*, 703 F.3d 1153, 1160 n.2 (10th Cir. 2013) (court does not consider arguments raised for the first time in reply brief). For purposes of trial, the court briefly addresses defendant's related argument that plaintiff cannot establish a disability by relying on Dr. Peghee's note because she did not disclose that doctor as an expert witness. That argument is rejected. It appears that Dr. Peghee was disclosed as a fact witness and the parties deposed Dr. Peghee in November 2018. While plaintiff should have disclosed Dr. Peghee as a non-retained expert under Rule 26(a)(2)(C), the court discerns no prejudice to defendant in permitting Dr. Peghee to testify as to his care and treatment of plaintiff, including the contents of the June 10, 2016 note. Dr. Peghee's testimony will be limited to opinions on matters disclosed by his records and his deposition.

"Discharged/Fired" box and left the "Quit" box blank. He further certified that he was the person who terminated plaintiff's employment. In its submissions, defendant characterizes this evidence as a "misstatement" on Mr. Rauschelbach's part. Without question, a jury must resolve this issue. Because defendant does not challenge plaintiff's pretext evidence on summary judgment, defendant's motion for summary judgment on this claim is denied.

For the same reason, plaintiff's motion for summary judgment is also denied. Defendant has come forward with some evidence that plaintiff elected not to continue her employment with defendant by failing to show up for her scheduled shift instead of returning to work with a note from her treating physicians at Concentra. Moreover, even assuming that plaintiff was disabled at the time her employment ended, factual disputes exist as to whether and to what extent Mr. Rauschelbach knew about that disability. *See Ewing v. Doubletree DTWC, LLC*, 673 Fed. Appx. 808, 810 (10th Cir. 2016); *Allen v. SouthCrest Hosp.*, 455 Fed. Appx. 827, 830 n.2 (10th Cir. 2011). Summary judgment is not warranted on this claim.

*2.     Accommodation Claim*

The ADAAA prohibits an employer from "unlawfully discriminating against an employee by failing to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee." *Dewitt v. Southwestern Bell Tel. Co.*, 845 F.3d 1299, 1315 (10th Cir. 2017) (citations and quotations omitted). The statute, then, creates a cause of action for disabled employees whose employers fail to reasonably accommodate them. *Id*. In the pretrial order, plaintiff asserts that defendant failed to reasonably accommodate her disability when it refused to permit her to transfer to defendant's Kansas City,

Missouri location and when it refused to permit her to take one week of additional leave as indicated in Dr. Peghee's note. Defendant moves for summary judgment on the request-to-transfer claim on the grounds that the request was neither reasonable (defendant had already transferred Mr. Martin to that location and refused to transfer plaintiff to the same location) nor based on her disability (plaintiff testified that she desired a transfer to be closer to her family). Plaintiff has not responded to these arguments in any respect and, accordingly, the court grants this aspect of defendant's motion as unopposed.

Plaintiff has also preserved in the pretrial order a failure-to-accommodate claim based on defendant's refusal to permit plaintiff to take an additional one week of leave from work as indicated in Dr. Peghee's note. Defendant has not moved for summary judgment on this claim and, to the extent plaintiff intends to pursue that claim, it must be resolved at trial.

**E.     Retaliation**

Plaintiff asserts that defendant terminated her employment in retaliation for plaintiff's reporting sexual harassment and requesting a reasonable accommodation for her disability. As plaintiff has no direct evidence of retaliation, her claim is analyzed using the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 638 (10th Cir. 2012). To state a prima facie case for retaliation, plaintiff must show that (1) she engaged in protected opposition to discrimination, (2) a reasonable worker would have considered the challenged employment action materially adverse, and (3) a causal connection existed between the protected activity and the materially adverse action. *Id*. If plaintiff presents a prima facie case of retaliation, then defendant must respond with

a legitimate, nonretaliatory reason for the challenged action. *Parker Excavating, Inc. v. Lafarge W., Inc.*, 863 F.3d 1213, 1220 (10th Cir. 2017). If defendant satisfies this burden, plaintiff must show that defendant's reason was merely a pretext for retaliation. *Id.*

In its motion for summary judgment, defendant contends that plaintiff cannot establish that she engaged in protected activity or that she suffered a materially adverse action. Specifically, defendant asserts that there is no evidence that plaintiff reported Mr. Martin's alleged harassment of her to anyone and that, as a matter of law, defendant did not terminate plaintiff's employment. The court has already determined that factual issues exist with respect to whether defendant terminated plaintiff's employment or whether plaintiff voluntarily quit her employment. That argument, then, is rejected. Factual disputes also exist as to whether plaintiff reported sexual harassment to Mr. Rauschelbach. Plaintiff testified in her deposition that, four days after the incident when Mr. Martin pushed her down, she told Mr. Rauschelbach about the situation with Mr. Martin and "everything came out" in that discussion. This testimony is sufficient to survive summary judgment on the first prong of her retaliation claim. Defendant does not move for summary judgment on the pretext issue and defendant's motion, then, is denied.[8]

Plaintiff does not move for summary judgment on her claim that she was terminated in retaliation for reporting sexual harassment, but does move for summary judgment on her claim that she was terminated in retaliation for requesting reasonable accommodations. But factual

---

[8] Defendant does not move for summary judgment on plaintiff's claim that she was terminated in retaliation for requesting reasonable accommodations. According to defendant, this claim was not included in plaintiff's third amended complaint and should be ignored by the court. Because the claim was included in the pretrial order without objection by defendant, it is properly part of this case. *See* Fed. R. Civ. P. 16(d) (pretrial order supersedes all pleadings and controls the subsequent course of the case); ECF Doc. 69 at 6-7.

disputes over material issues preclude summary judgment in favor of plaintiff, including whether and to what extent Mr. Rauschelbach knew about plaintiff's disability and whether plaintiff made clear that she was seeking assistance for a disability. *See Jones v. UPS, Inc*., 502 F.3d 1176, 1195 (10th Cir. 2007) ("Unless an employer knows that an employee is engaging in protected activity, it cannot retaliate against that employee because of the protected conduct, as required by statute."). The motion is denied.

## F. Workers' Compensation Retaliation

Kansas courts apply the *McDonnell Douglas* burden-shifting framework to claims of retaliatory discharge for filing a workers' compensation claim. *Proctor v. United Parcel Serv*., 502 F.3d 1200, 1211 (10th Cir. 2007) (citations omitted). Thus, plaintiff must first establish a prima facie case of retaliation. *Id*. at 1212. If she meets this burden, defendant must come forward with a legitimate, nonretaliatory reason for the discharge. *Id*. Plaintiff then has the burden of showing "by a preponderance of the evidence" that this legitimate reason is a pretext for retaliation in violation of state law. *Id.* In its motion for summary judgment, defendant challenges only plaintiff's prima facie case and does not reach the pretext issue.

To establish a prima facie case for retaliation under Kansas law, plaintiff must establish that (1) she filed a claim for workers' compensation benefits or sustained an injury for which she might assert a future claim for such benefits; (2) defendant had knowledge of plaintiff's workers' compensation claim or injury; (3) defendant terminated plaintiff's employment; and (4) a causal connection existed between the protected activity or injury and the termination. *Id*. Defendant contends that plaintiff cannot establish the third or fourth elements of her prima facie case.

17

Defendant again asserts that it did not terminate plaintiff's employment but that plaintiff voluntarily quit her employment. The court rejects that argument for the reasons discussed above. Defendant also asserts that plaintiff admitted in her deposition that, to the extent she was terminated, she was terminated for refusing to bring a note from her treating doctors at Concentra. According to defendant, this "admission" negates any possibility that plaintiff was fired for filing a workers' compensation claim such that plaintiff cannot establish the causation element of her prima facie case. The court disagrees. Plaintiff's testimony is consistent with her theory that defendant's proffered reason for terminating her employment—refusing to bring a note from her treating physicians at Concentra—was simply a pretext for unlawful retaliation. Defendant's motion is denied.

Plaintiff also moves for summary judgment in her favor on this claim. In support of her motion, plaintiff highlights evidence that defendant has a company policy of accepting "sick notes" from any "certified" doctor and that defendant violated that policy by refusing the note from Dr. Peghee and requiring one from Concentra. While this evidence would be sufficient to survive a motion for summary judgment on pretext if defendant had raised that issue, it is insufficient to establish as a matter of law that defendant terminated plaintiff's employment in retaliation for her filing or pursuing a workers' compensation claim. Construing the evidence in the light most favorable to defendant, plaintiff has failed to show that no genuine issue of material fact exists concerning defendant's rationale for requiring a note from plaintiff's treating doctors at Concentra. The motion is denied.

**G.    Negligent Hiring and Retention**

Because the court granted summary judgment on this claim to the extent it is based on any physical injury she suffered as result of the May 15, 2016 incident and any emotional distress stemming directly from that incident, the only remaining aspect of plaintiff's negligent hiring and retention claim is based on emotional distress that plaintiff allegedly suffered as a result of Mr. Martin's alleged sexual harassment of plaintiff. As will be explained, summary judgment in favor of defendant is warranted on this aspect of plaintiff's negligent hiring and retention claim because the evidence viewed in the light most favorable to plaintiff is insufficient to permit a reasonable jury to find in her favor on the claim.

Under Kansas law, negligent hiring and retention requires that the employer, "by virtue of knowledge of the employee's particular quality or propensity, have reason to believe that an undue risk of harm exists to others as a result of continued employment of that employee; and the harm which results must be within the risk created by the known propensity." *Wayman v. Accor N. Am., Inc.*, 45 Kan. App. 2d. 526, 539 (2011). Quite simply, plaintiff alleges no facts from which a jury could reasonably conclude that defendant had knowledge of Mr. Martin's alleged propensity for sexual harassment at any time prior to Mr. Martin's purported sexual harassment of plaintiff. There is no evidence that any employee had ever complained about sexual harassment regarding Mr. Martin; no evidence that Mr. Martin's purported conduct was so pervasive that defendant reasonably should have known about a propensity for sexual harassment; and no evidence that defendant was warned about a propensity for sexual harassment from any other source. Because plaintiff has failed to raise a triable issue on the question of whether defendant had any knowledge of Mr. Martin's alleged propensity for sexual harassment, the court grants

defendant's motion for summary judgment on this claim and denies plaintiff's motion for summary judgment on this claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (doc. 81) is granted in part and denied in part and plaintiff's motion for summary judgment (doc. 85) is denied.

**IT IS SO ORDERED.**

Dated this 17th day of April, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge